# LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

December 27, 2017

**BY ECF:**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **United States v. Percoco, et al.**, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

We represent Peter Galbraith Kelly, Jr., and respectfully submit this letter on behalf of Mr. Kelly and co-defendants Joseph Percoco, Steven Aiello, and Joseph Gerardi, in regard to the draft preliminary jury instructions circulated by the Court this morning. We understand that the Court will discuss the draft during tomorrow's pretrial conference. In anticipation of that discussion, we have submitted below proposed revisions to the draft. Annexed to this letter as Exhibit A is a red-line reflecting those proposed revisions. In total, the proposed revisions add only one page to the Court's draft.

The defense submitted proposed preliminary jury instructions on December 8, 2017. (Doc. No. 381).[1] That proposal was adapted from the preliminary instructions that the Court gave in United States v. Silver, 15 Cr. 93 (VEC), Doc. No. 140, at 2:8–15:13, and was based on the Supreme Court's decision in McDonnell v. United States, 136 S. Ct. 2355 (2016). If the Court declines to adopt the defense proposal in full, we respectfully submit that the specific instructions discussed below should be included in the preliminary jury instructions. We believe that the omission of such clarifying instructions will leave the jury at a loss as to why the defense is offering certain evidence. If the jurors do not appreciate why certain evidence is relevant, they may not retain it or, alternatively, they may feel that defense counsel is wasting time on issues that appear trivial when in fact those issues are potentially dispositive.

---

[1] The Government did not propose any preliminary jury instructions.

LANKLER SIFFERT & WOHL LLP

December 27, 2017
Page 2

### Request 1: Definition of "Official Act"

The term "official action" currently appears throughout the draft instructions, but that term is never defined. The defense requests that the preliminary jury instructions include a definition of "official action" or "official act."[2]

The term "official act" is not self-defining, can be confusing, and is, in fact, narrower than previously understood. See McDonnell v. United States, 136 S. Ct. 2355, 2375 (2016); United States v. Silver, 864 F.3d 102, 118 (2d Cir. 2017); United States v. Skelos, __ F. App'x __, 2017 WL 4250021, at *1 (2d Cir. Sept. 26, 2017) (summary order). The distinction between official acts, on the one hand, and setting up calls/meetings/referrals, on the other, is central to this case, and it is important that the jury understand the difference as it hears the evidence.

We request that the preliminary jury instructions include a definition of "official act" that explains, at a minimum, that an official act requires an action or decision on a specific matter before the New York State government and that, without more, setting up meetings or calls, making referrals to other government officials, expressing support for a particular outcome, and obtaining information are not official acts. See McDonnell, 136 S. Ct. at 2371–72; Silver, 864 F.3d at 118 (finding error where instructions did not "prevent the jury from concluding that meetings or events with a public official to discuss a given matter were official acts by that public official"); Skelos, 2017 WL 4250021, at *1–2. The defense requests that the preliminary jury charge include, at least, the following italicized language:

> "Official Acts"
>
> *In describing the charges, you have heard me use the term "official act." That term has a specific meaning, which I will explain more fully at the end of trial. For now, you should know that an official act is a formal action or decision on a specific matter before the government. Not everything a government official does in his official capacity is an official act. Simply hosting or setting up a call or meeting, making a referral to another government official, expressing support for an outcome on an issue, and obtaining information for a private party are not official acts.*

### Request 2: Official Acts and Quid Pro Quo for 18 U.S.C. § 666 Charges

We request that the preliminary instructions on the 18 U.S.C. § 666 ("section 666") charges make clear that the Government has charged that the alleged bribes were given/accepted

---

[2] Although the terms "official action" and "official act" are both used in the case law—including in McDonnell itself—the defense requests that the jury instructions use the term "official act," which appears to be the more prevalent term.

LANKLER SIFFERT & WOHL LLP

December 27, 2017
Page 3

as part of a quid pro quo in exchange for official acts (and that the alleged gratuities were given/accepted as a reward for official acts).

In every single iteration of the indictment—including the operative S2 Indictment and the Trial Indictment—the Government has charged all of the section 666 counts on an official act theory.  (S2 Ind. ¶¶ 61 ("in exchange for *official actions* by Percoco to benefit the Energy Company"), 63 ("in exchange for *official actions* by Percoco to benefit the Syracuse Developer"), 65 ("in exchange for, to influence, and to reward the taking of *official action* to benefit the Energy Company"), 67 ("in exchange for, to influence, and to reward the taking of *official action* to benefit the Syracuse Developer") (emphases added); see also Trial Ind. ¶¶ 36, 38, 40, 42 (using identical language)).[3]

The Second Circuit has held that where—as here—the Government prosecutes a section 666 offense based on an official act theory, the jury must be instructed that the McDonnell definition of "official act" applies:

> In its supplemental briefing, the government submits that United States v. Boyland, 862 F.3d 279 (2d Cir. 2017), compels a different conclusion on defendants' § 666 convictions for federal program bribery.  In Boyland, however, the § 666 counts were not charged in terms of official acts; hence, its conclusion that McDonnell did not apply to the § 666 counts *in that case*.  By contrast, the record here shows that the Skelos' jury was charged, at the government's request, on a § 666 theory based on "official acts," the definition of which is cabined by the constitutional concerns identified in McDonnell.

Skelos, 2017 WL 4250021, at *2 (citations omitted).  Accordingly, the defense requests that the instructions on the section 666 counts include an instruction on "official act."

In the draft instructions circulated by the Court, the term "quid pro quo" appears in the instructions on the extortion and honest services fraud counts, but not in the instructions on the section 666 bribery counts.  The defense requests that the quid pro quo language be added to the instructions on the section 666 bribery counts.

The Second Circuit has held that, where a section 666 charge is based on an alleged bribe (as opposed to an alleged gratuity), a quid pro quo is required.  United States v. Bahel, 662 F.3d

---

[3]   The Government used the same "official action" language in the section 666 charges in the S1 Indictment and, with a minor difference, the original Indictment.  (See S1 Ind. ¶¶ 61, 63, 65, 67 (using "official action" language identical to S2 Indictment); Original Ind. ¶¶ 56, 58, 60, 62 (using identical language, except that paragraphs 56 and 58 omit the phrases "to benefit the Energy Company" and "to benefit the Syracuse Developer," which are added in later superseding indictments)).

LANKLER SIFFERT & WOHL LLP

December 27, 2017
Page 4

610, 636 (2d Cir. 2011) ("We have held that Section 666 extends to both bribes—where the thing of value is part of a quid pro quo, and gratuities—where the thing of value is a 'reward' rather than a bargained-for exchange."); see also United States v. Skelos, 15 Cr. 317 (KMW), Doc. No. 148, at 2794:12–17 (instructing jury that "Section 666 prohibits the solicitation and acceptance of both bribes and gratuities. . . . As discussed, for bribery there must be a quid pro quo . . .").

Accordingly, the defense requests that the preliminary jury charge include the following italicized language at the end of sections C.1 ("Bribery Solicitation Charges) and C.2 ("Bribery Payment Charges"):

*To prove that a thing of value was a bribe, the Government must prove that it was [solicited, demanded, or accepted OR given or offered] as part of a quid pro quo in exchange for an official act.  To prove that a thing of value was a gratuity, the Government must prove that it was [solicited, demanded, or accepted OR given or offered] to reward an official act.*

### Request 3: Bona Fide Compensation

Section 666 provides that "This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business."  18 U.S.C. § 666(c).  The defense requests that the preliminary jury instructions include an instruction on this requirement.

The case law confirms what is evident from the plain language of the statute: bona fide compensation cannot be a bribe or gratuity under section 666.  United States v. Mills, 140 F.3d 630, 633 (6th Cir. 1998) ("[T]he bona fide salary exception of subsection (c) must be read to apply to all of § 666."); United States v. Marmolejo, 89 F.3d 1185, 1190 n.5 (5th Cir. 1996) ("§ 666(c) . . . refers to the alleged wrongdoing."); United States v. Robinson, 663 F.3d 265, 272 (7th Cir. 2011) ("The natural reading of the exception is that § 666 does not target bona fide salary, wages, and compensation; that is, compensation paid in the ordinary course shall not be construed as a bribe."); United States v. O'Brien, 994 F. Supp. 2d 167, 184 (D. Mass. 2014) ("[T]he exception applies to wages and salaries paid in the ordinary course, such as where a part-time state legislator is paid a salary by a private employer to perform normal job duties.").

The Government apparently intends to argue that Lisa Percoco's work for the Energy Company was "low-show" and therefore a bribe, while the defense contends that her compensation was bona fide.  Given the particular salience of the bona fide compensation issue to this case, it is critical that the jury understand at the outset that bona fide compensation cannot be a bribe or a gratuity.  The Second Circuit has suggested that the language of 18 U.S.C. § 666(c) can simply be read to the jury, which can "draw its own conclusions from [the statute's] non-technical terms." United States v. Ford, 435 F.3d 204, 216 (2d Cir. 2006).

LANKLER SIFFERT & WOHL LLP

December 27, 2017
Page 5

Accordingly, the defense requests that the preliminary jury charge include the following italicized language at the end of section C ("Bribery Charges"):

*Bona Fide Compensation*

*To satisfy its burden on any of the bribery or gratuity charges, the Government must prove that the alleged bribe or gratuity was not a bona fide salary, wages, fees, or other compensation paid in the usual course of business.*

### Request 4: Official/Agent at the Time of the Offense

The defense requests that the phrase "at the time of the alleged offense" be added in sections A, C.1, and C.2 to clarify that the Government must prove that Mr. Percoco was a public official (section A) or an agent of New York State (sections C.1 and C.2) at the time of the charged offense.

\*   \*   \*

While we appreciate the need for brevity and understand that the preliminary jury instructions cannot be a full treatment of the law, we respectfully submit that the changes requested above—which add only one page to the preliminary instructions—are necessary to inform the jury of why certain evidence will be relevant to this trial. We look forward to discussing these requests tomorrow.

Respectfully submitted,

LANKLER SIFFERT & WOHL LLP

By: /s/ Daniel M. Gitner

Daniel M. Gitner
Jun Xiang
Samantha J. Reitz
Rachel S. Berkowitz

**CC**: All Counsel (Via ECF)