Hcd1perc

1  Mr. Gerardi made during their proffers with the United States
2  Attorney's Office.  The government's motion is granted.
3  Aiello's and Gerardi's proffer agreements constitute a valid
4  waiver of their rights under Federal Rule of Evidence 410.  *See*
5  *United States v. Velez*, 354 F.3d 190 at 194.  Because the
6  government has brought a prosecution for false statements,
7  these statements are admissible on the government's case in
8  chief.  Aiello and Gerardi argue that the proffer agreements
9  are void for fraud in the inducement, alleging that the
10 government told them that they were subjects rather than
11 targets of an investigation.  As I indicated in my ruling on
12 the pretrial motions, these allegations raise grave concerns if
13 they're true.  Although the Syracuse defendants argue that I
14 should find fraud because no reasonable assistant -- this is
15 how I interpret your argument, Mr. Coffey -- that no reasonable
16 assistant could have viewed those two men as subjects at the
17 time of their proffer sessions, I cannot make that finding on
18 the existing record.  I accept the government's explanations
19 that they were subjects until the proffer, at which point they
20 became targets.  Because the defendants have not established
21 that the government intentionally deceived the defendants,
22 which everyone admits would be a necessary element of a fraud
23 in the inducement claim, the fraud in the inducement argument
24 fails.
25           Finally, the admission of the proffers raise *Bruton*