

May 18, 2018

**VIA ECF**
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

     Re: *United States v. Kaloyeros, et al.,* S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

     We represent Steven Aiello in the above matter and submit this letter jointly with Mr. Gerardi (collectively the "Syracuse Defendants") in response to the Government's motion *in limine* (Doc. No. 635). In this letter, we address the application of the law of the case doctrine and the inadmissibility of campaign contribution evidence.

     The Government moves *in limine* to admit evidence of certain campaign contributions by the Syracuse Defendants, their relatives and their company as evidence of their relationships with the alleged co-conspirators and the Office of the Governor. The Government also claims that campaign contribution evidence is relevant to "understanding the motivations of Kaloyeros and Howe in rigging the RFPs for COR Development and the Buffalo Developer as well as the importance of state action (e.g., obtaining state contracts) to the Syracuse Defendants." *See* Doc. No. 635 at 6 and 7.  The Government first argues that this evidence is admissible under the law of the case doctrine since the Court admitted similar evidence at the January trial, for some similar purposes. *Id.* at 8. The law of the case doctrine, however, does not apply here because the Government is attempting to admit the same evidence for different purposes that have not yet been litigated.

     During the January Trial, this Court ruled that evidence of campaign contributions was admissible over our objections as circumstantial evidence that COR needed things from the state government and viewed "state action as sufficiently important to them that they're willing to make contributions." (Dec. 13, 2017 Conf. Tr. at 94-95). Here the Government is looking to repackage the same evidence for a different purpose – "These campaign contributions are critical to understanding the

EDWARD J. O'CONNELL
 1925-1939
SAMUEL E. ARONOWITZ
 1925-1973
LEWIS A. ARONOWITZ
 1951-1979

———————————

CORNELIUS D. MURRAY
FRED B. WANDER
STEPHEN R. COFFEY
JEFFREY J. SHERRIN
THOMAS J. DiNOVO
PAMELA A. NICHOLS
JEFFREY A. SIEGEL
JAMI DURANTE ROGOWSKI
DAVID R. ROSS
KURT E. BRATTEN
MICHAEL P. McDERMOTT
KELLY J. MIKULLITZ
WILLIAM F. BERGLUND
ROBERT J. KOSHGARIAN
MATTHEW J. DORSEY
GEORGE R. SLINGERLAND
F. MATTHEW JACKSON
SCOTT W. ISEMAN
BRITTNAY M. McMAHON

———————————

OF COUNSEL

RICHARD S. HARROW
MEREDITH H. SAVITT
PAUL A. FEIGENBAUM
KEITH J. ROLAND
ARTHUR A. PASQUARIELLO
FLORENCE M. RICHARDSON
CRISTINA D. COMMISSO
GRAIG F. ZAPPIA

———————————

ELIZABETH A. CONNOLLY
CHAD A. JEROME
DANIELLE E. HOLLEY
KATHLEEN EVERS BROWN
MARY T. CONNOLLY
COURTNEY L. ALPERT
KELLAN B. POTTS

HOLLY E. VEGAS*
(*DIRECTOR, HEALTHCARE CONSULTING GROUP*)

*NOT A MEMBER OF THE LEGAL PRACTICE

{O0208179.1}

motivations of Kaloyeros and Howe in rigging the RFPs for COR Development…" Doc. No. 635 at 7. This issue has not been litigated so the law of the case doctrine does not apply.

In relevant part, the law of the case doctrine states that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). This doctrine, however, is not binding but supposed to inform "the court's discretion" and "does not limit the tribunal's power." *United States v. Tenzer,* 213 F.3d 34 at 39 (2d Cir. 2000) quoting *United States v. Uccion,* 940 F.2d 753, 758 (2d Cir. 1991). While this matter is brought under the same indictment as the January Trial, this trial cannot be considered a "subsequent stage in the same case" since the Government is offering the evidence for a different purpose, different charges are before the court and four new defendants are on trial. *See Quintieri*, 306 F.3d at 1225. In sum, the admissibility of this evidence has not been litigated within the context of the case coming to trial in June, therefore, the law of the case doctrine does not apply.

Additionally, as we noted in our motion *in limine* (Doc. No. 634), the S2 Indictment alleges that these campaign contributions appear to be part of the *quid pro quo* with Todd Howe. Specifically the S2 Indictment alleges that the Syracuse Defendants "made sizeable contributions to the Governor's reelection campaign and had begun paying Howe **in exchange for** Howe's influence over the RFP process." *See* S2 Indictment at ¶ 23. (emphasis supplied). As we previously noted, the Government appears poised to argue that these legal campaign contributions are part of an illegal *quid*. Granted, the Government now represents in the instant *in limine* motion that it "will not argue that the defendants donated to the Governor's campaigns in exchange for an explicit promise to perform and official action." Doc. No. 635 at 8. If this is the position the Government is binding itself to, then we renew our motion to strike this precise surplusage from the S2 Indictment (*see* Doc. No. 237 at 41) since it can be read by the jury to allege that the contributions are part of an illegal scheme when the Government admits they are not.

For these reasons and the reasons stated in our pending motion *in limine* on this matter, we respectfully request that the Court deny the Government's motion. Thank you for your attention to this matter.

                Very truly yours,

                O'CONNELL AND ARONOWITZ

                By:    */S/ Stephen R. Coffey*

                Stephen R. Coffey
                Scott W. Iseman

cc:    All parties via ECF