Michael C. Miller
212 506 3955
mmiller@steptoe.com
1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com



May 24, 2018

<u>Via ECF</u>

Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> **Re: *United States v. Percoco, et al.* (Case No. 16-cr-776) – Request for Leave to File Reply to the Government's Opposition to Dr. Kaloyeros' Letter Motion *In Limine* to Preclude 404(b) Evidence**

Dear Judge Caproni:

We write on behalf of Alain Kaloyeros to request permission to file a limited Reply to the Government's Opposition to Dr. Kaloyeros' Letter Motion *In Limine* to Preclude 404(b) Evidence (Dkt. No. 663 (May 18, 2018) ("Opposition")).  Dr. Kaloyeros requests the opportunity to submit a letter no longer than eight pages in response to the Government's newly disclosed theories for the non-propensity purposes of the Albany evidence.

The Government's Rule 404(b) notice to Dr. Kaloyeros was woefully insufficient.[1]  The purpose of the pretrial notice requirement "is intended to reduce surprise and promote early resolution on the issue of admissibility."  Fed. R. Evid. 404 advisory comm. note (1991).  To resolve admissibility, the Government must "clearly articulate how th[e Albany] evidence fits into a chain of logical inferences, no link of which can be the inference that because the

---

[1] As briefed by Dr. Kaloyeros in his Letter Motion *In Limine*, the Albany evidence should be excluded due to the deficient notice.  *See* Dr. Kaloyeros' Letter Mot. in Lim. at 15–16 n.17, Dkt. No. 637 (Apr. 25, 2018) (noting also that Dr. Kaloyeros intended to request the opportunity to submit a reply due to the deficient notice).  The rote recitation of Rule 404(b) does not prevent surprise or permit the educated resolution of admissibility.  And it not consistent with the advisory committee's stated intent that the notice requirement "place[] Rule 404(b) in the mainstream with notice and disclosure provisions in other rules of evidence."  Fed. R. Evid. 404 advisory comm. note (1991) (citing Fed. R. Evid. 412, Fed. R. Evid. 609, and what is now Fed. R. Evid. 807).  Fed. R. Evid. 609(b)(2), for example, requires that "the proponent gives an adverse party ***reasonable*** written notice of the intent to use [the evidence] so that the party has a ***fair opportunity to contest its use***."  To find the Government's notice sufficient, the Court would have to remove Rule 404(b)'s notice requirement from the mainstream of notice disclosures contrary to the advisory committee's stated intent.  Instead, the Court should find the notice deficient and exclude the evidence.  *See* Fed. R. Evid. 404 advisory comm. note (1991) ("Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is ***inadmissible*** if the court decides that the notice requirement has not been met.") (emphasis added).



defendant committed . . . offenses before, he therefore is more likely to have committed this one." *United States v. Morley*, 199 F.3d 129, 137 (3d Cir. 1999).

Instead of clearly articulating a chain of logical inferences in its notice, the Government plainly quoted each and every possible non-propensity purpose set forth in Rule 404(b). Dr. Kaloyeros was thus left to **guess** at the suggested non-propensity purpose of the Albany evidence because there was no way to brief every potential purpose under the broad categories in Rule 404(b). Dr. Kaloyeros' Letter Motion therefore addressed the Albany evidence's inadmissibility to prove: (1) a common plan or (2) a continued intent to use Mr. Howe to strengthen his relationship with the Governor's office. *See* Dr. Kaloyeros' Letter Mot. in Lim. at 17–18, Dkt. No. 637 (Apr. 25, 2018). These purposes appeared at least consistent with what the Government had previously asserted in earlier filings. *See* Dr. Kaloyeros' Letter Mot. in Lim. at 19, Dkt No. 637 (Apr. 25, 2018) (citing a Government brief referring to Dr. Kaloyeros' continued intent to rig RFPs). But, in its Opposition, the Government changed tack—indicating, despite its notice to the contrary, that it would **not** be offering the evidence to prove a common plan nor continued intent. Instead, the Opposition proposed to offer the Albany evidence to show Dr. Kaloyeros' opportunity[2] and his lack of mistake.[3] Dr. Kaloyeros has not had the opportunity to address these two[4] argued non-propensity purposes.

Dr. Kaloyeros respectfully requests that opportunity to be heard in the form of a reply brief no longer than eight pages that would be submitted by within three business days of the Court's order granting the request.

Respectfully submitted,

Michael C. Miller

*Counsel for Defendant Alain Kaloyeros*

---

[2] *See* Opposition at 5 ("The Albany RFP evidence, however, proves that Kaloyeros had the opportunity, as the nominal head of [FSMC] and [FRMC], to edit, review, comment, and sign-off on RFPs, and indeed, drafted and closely reviewed and edited the RFPs published by [FSMC] and [FRMC] on behalf of CNSE.").

[3] *See* Opposition at 7 ("The evidence will show that Kaloyeros repeatedly tailored RFPs. The clear inference is that he intentionally inserted into the Buffalo and Syracuse RFPs the qualifications that were beneficial to his favored developers. . . . [T]he Albany RFP evidence also supports the inference that Kaloyeros did not make a mistake, but instead purposefully inserted the 50-years requirement to favor the Buffalo Developer.").

[4] The Opposition also mentioned proposed use of the Albany evidence to show Dr. Kaloyeros' knowledge, but it did not expand on what sort of knowledge could be shown or the chain of logical inferences necessary.