


EDWARD J. O'CONNELL
 1925-1939
SAMUEL E. ARONOWITZ
 1925-1973
LEWIS A. ARONOWITZ
 1951-1979

CORNELIUS D. MURRAY
FRED B. WANDER
STEPHEN R. COFFEY
JEFFREY J. SHERRIN
THOMAS J. DiNOVO
PAMELA A. NICHOLS
JEFFREY A. SIEGEL
JAMI DURANTE ROGOWSKI
DAVID R. ROSS
KURT E. BRATTEN
MICHAEL P. McDERMOTT
KELLY J. MIKULLITZ
WILLIAM F. BERGLUND
ROBERT J. KOSHGARIAN
MATTHEW J. DORSEY
GEORGE R. SLINGERLAND
F. MATTHEW JACKSON
SCOTT W. ISEMAN
BRITTNAY M. McMAHON

OF COUNSEL

RICHARD S. HARROW
MEREDITH H. SAVITT
PAUL A. FEIGENBAUM
KEITH J. ROLAND
ARTHUR A. PASQUARIELLO
FLORENCE M. RICHARDSON
CRISTINA D. COMMISSO
GRAIG F. ZAPPIA

ELIZABETH A. CONNOLLY
CHAD A. JEROME
DANIELLE E. HOLLEY
KATHLEEN EVERS BROWN
MARY T. CONNOLLY
COURTNEY L. ALPERT
KELLAN B. POTTS

HOLLY E. VEGAS*
(DIRECTOR, HEALTHCARE CONSULTING GROUP)

*NOT A MEMBER OF THE LEGAL PRACTICE

June 4, 2018

**VIA ECF**
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re: *United States v. Kaloyeros, et al.*, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

  We represent Steven Aiello in the above matter and submit this letter to renew the Syracuse Defendants' motion for severance (Doc. No. 237 at 27) under Federal Rules of Criminal Procedure 8(b) and 14(a) from the remaining Buffalo Defendant, Mr. Ciminelli. For the below reasons and those raised in our initial motion (Doc. No. 237), which we incorporate by reference, severance is proper here since the remaining counts are not properly joined under Rule 8(b) and a joint trial would be prejudicial to the Syracuse Defendants and requiring severance under Rule 14(a).

**Summary of Recent Developments:**

  On May 18, 2018, Kevin Schuler entered guilty pleas to Counts One and Four of the S2 Indictment. As part of his guilty plea, Mr. Schuler entered into a cooperation agreement with the Government. On May 25, 2018, the Government informed the Court and the Defendants that it was no longer proceeding to trial on Counts Three and Five of the S2 Indictment ("bribery counts") and filed a trial indictment consistent with that position. (Doc. Nos. 682 and 682-1). Last Tuesday, May 29th, the Government stated on the record during a pretrial conference that it did not intend to call Todd Howe as a witness. Three days later, Friday, May 29, 2018, the Government moved for an order of *nolle prosequi* for the remaining charges against Mr. Laipple. (Doc. No. 693). In support of its motion, the Government generally stated that based on its review of the evidence and information "acquired subsequent to the filing to of the Second Superseding Indictment" that further prosecution of Mr. Laipple is not in the interests of justice. *Id.* Significantly, the Syracuse Defendants are still alleged to have conspired to defraud Fort Schuyler Management Corporation ("Fort Schuyler")

with Mr. Laipple. *See Id.* at ¶ 22. The Court entered the *nolle prosequi* Order today. (Doc. No. 696). These developments dramatically change the scope of the case heading into trial and undermine the arguments the Government made in opposition to our initial motion for severance. We therefore renew our motion for severance in light of these developments.

**Legal Standard:**

In relevant part Rule 8(b) provides that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act of transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 8(b), however, does not permit joinder because the "offenses charged are of the same or similar character." *United States v. Turoff*, 853 F.2d 1037, 1042-43 (2d Cir. 1988) (internal quotations omitted). Additionally, joinder is improper where "[c]ommission of one of the offenses neither depended upon nor necessarily led to the commission of the other" and "proof of the one act neither constituted nor depended upon proof of the other." *United States v. Halper*, 590 F.2d 422, 429 (2d Cir.1978); *see United States v. Geddes*, Cr. No. 3-14-CR-228 (JBA), 2015 WL 1530800 (D. Conn. 2015).

Similarly, severance is proper under Rule 14(a) where the defendants would be prejudiced by a joint trial. In evaluating whether prejudice warrants severance, courts in the Southern District of New York look to a variety of non-dispositive factors. We fully briefed those factors and their application in our initial motion and incorporate them by reference here. In light of the recent developments, however, we request the Court pay particular attention to the prejudice resulting from evidence admissible as to some defendants, but not others. *United States v. Forde*, 699 F. Supp. 2d 637 (S.D.N.Y. 2010).

**Argument:**

The significant developments outlined above demonstrate that a severance is necessary for the following reasons:

First, under Rule 8(a), with the dismissal of the bribery charges and the Government not intending to call Todd Howe as a witness, the Government's basis for joinder evaporates. Put bluntly, the Government cannot show that the Syracuse Defendants collaborated with Mr. Ciminelli (or any prior Buffalo Defendant) to defraud Fort Schuyler. Continued joinder here is improper since Buffalo RFP allegations and the underlying proof (or lack thereof as the case is) do not depend on the Syracuse RFP allegations and *vice versa*. *See Halper*, 590 F.2d at 429.

Second, Mr. Schuler's testimony will result in substantial spillover prejudice against the Syracuse Defendants. Mr. Schuler pled guilty to conspiracy to commit wire fraud and wire fraud and signed a cooperation agreement with the Government. Based on the Government's disclosures, Mr. Schuler does not implicate either of the Syracuse Defendants or have any relevant testimony regarding the allegations they face. Nonetheless, his expected testimony that he participated in scheme to defraud Fort Schuyler with respect to the Buffalo RFP will have an

Page 3                                                                                                                      June 4, 2018

irreversible and incurable prejudicial effect on the Syracuse Defendants. Significantly, there is no similar cooperating witness regarding the Syracuse RFP allegations.

    Third, as the Court reviews the proposed Government exhibits, it will see that approximately 77% (approximately 420 of the 540 proposed Government exhibits) have nothing to do with the Syracuse Defendants or the Syracuse RFP.

    The Government's strategy is obvious: combine two independent yet inadequate cases hoping that the combined effort will result in a conviction. The Trial Indictment continues to demonstrate this point clearly since we remain charged in Count One with conspiring with the Buffalo Defendants to commit wire fraud yet are charged in separate substantive wire fraud count from the Buffalo Defendants.

    We therefore respectfully request a severance under Rule 8(b) and 14(a) due to the significant developments outlined above and we incorporate by reference the legal and factual arguments we raised in our initial motion.

    Thank you for your attention to this matter.

Very truly yours,

O'CONNELL AND ARONOWITZ

By:     */S/ Stephen R. Coffey*

Stephen R. Coffey
Scott W. Iseman

cc:     All parties via ECF

{O0222158.1}