**MEMO ENDORSED**

June 1, 2018

U.S. District Judge Valerie Caproni
Southern District of New York
500 Pearl Street/40 Foley Sq.
New York, NY

Dear Judge Caproni:

I am a member of the public and a reporter for Newsday covering the case of U.S. v. Kaloyeros, 16CR776. I am writing to renew my request (attached) from May 24 seeking access to unredacted copies of Docket Nos. 636, 637, 637-2 and 663, which all have sections blacked out on the public PACER docket.

I have not received any response to my request. The presumption of access incorporates an expectation of timely access. With a conference scheduled for June 6 at which these items may be referenced or ruled on, I am concerned that I may be unable to understand or explain to Newsday's readers matters which should be part of the public file.

Thank you, again, for your attention to this request.

/John Riley
Newsday
516-458-2393
riley@newsday.com

The Court will address this matter at the final pre-trial conference on June 6, 2018.

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

6/4/2018

May 24, 2018

U.S. District Judge Valerie Caproni
Southern District of New York
500 Pearl St.
New York, NY

Dear Judge Caproni:

I am a reporter with Newsday, covering the case of U.S. v. Kaloyeros, 16CR776, scheduled to go to trial before you in June. I am writing to request access to unredacted copies of Docket Nos. 636, 637, 637-2, and 663, which in their current form on the public PACER docket have substantial portions blacked out.

The materials all appear to relate to a 404(b) notice sent by the government to counsel for Kaloyeros on March 27 (Docket 637-2). Docket 637 is a motion by Kaloyeros to exclude this evidence, Docket 636 is a motion by Kaloyeros to file the unredacted version of 637 and 637-2 under seal, and Docket 663 has a footnote (Page 4) blacked out that appears to relate to the same subject.

As you know, under our Constitution and the common law there is a presumption of press and public access to court proceedings and judicial documents. Hearings can be closed and judicial documents sealed only if the judge finds that there is a compelling interest in secrecy that overrides the presumption of access. Any such findings must be on the record, and must be narrowly tailored.

In this case, although a motion to seal has been filed and itself redacted, there is no indication that you have acted on it or made the necessary findings. There is no presumptive right to secrecy until a judge says otherwise, even if the parties agree.

Second, the argument laid out in Docket 636 – to the extent that it is not secret – is essentially that Kaloyeros' right to a fair trial would be prejudiced because the redacted items involve "unproven allegations" that would poison the jury pool.

While fair trial rights are important, in our public system any potential prejudice flowing from "unproven allegations" – which include the public indictment itself, and many other items on the public docket – is managed by juror voir dire and instructions from the judge, not by keeping everything secret.

Kaloyeros, notably, has not sought to redact references to his compensation, which he considers irrelevant, or his alleged bid-rigging on an Albany dormitory, a 404(b) item he wants excluded. The same jury techniques that will prevent the jury being poisoned by those materials and that have been used to insure a fair trial for far more notorious defendants throughout history can also assure a fair trial for Kaloyeros if these additional materials are unredacted.

There are also important public interests at stake here. The presumption is designed to enhance trust in the courts through transparency.

When you rule on admitting or not admitting this evidence, the public will be prevented from understanding and critically assessing your ruling if the evidence is unknown. Because this case involves alleged misuse of public power and resources by Kaloyeros, the need to avoid suspicion bred by secrecy and insure public confidence with transparency is at its peak

Thank you for your attention.

/John Riley
Newsday
516-458-2393