Michael C. Miller
212 506 3955
mmiller@steptoe.com



1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

June 5, 2018

<u>Via ECF</u>
Hon. Valerie E. Caproni
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      **Re:** ***United States v. Percoco, et al.*** **(Case No. 16-cr-776)**

      We represent Alain Kaloyeros in the above referenced matter and write concerning the Government's discovery obligations.

      On May 15, 2017, the Government informed Dr. Kaloyeros that it was "unaware of ***any*** exculpatory evidence" that it was required to produce under *Brady* and informed Dr. Kaloyeros that it would "provide timely disclosure if any such material comes to light." ("May 15, 2017 Letter" at 3) (attached as Exhibit A) (emphasis added). In the twelve months that followed, the Government provided Dr. Kaloyeros with productions of material pursuant to Rule 16 and 18 U.S.C. § 3500 but did not otherwise provide any materials or statements pursuant to *Brady*. Accordingly, on May 10, 2018, Dr. Kaloyeros requested that the Government clarify its position on whether certain categories of materials were subject to disclosure under *Brady* and also informed the Government of numerous potential shortcomings in its productions. ("May 10, 2018 Letter") (attached as Exhibit B). On May 24, 2018, the Government provided a brief response that partially addressed Dr. Kaloyeros' concerns but left several entirely unaddressed. ("May 24, 2018 Response") (attached as Exhibit C).[1] Dr. Kaloyeros respectfully requests that the Court order the Government to comply with its disclosure obligations as set forth below.

      *First,* the Government should be ordered to fully comply with its obligations under *Brady, Giglio,* and Jencks with respect to communications it has had with Todd Howe since the January trial. In the May 24 Response, the Government asserts that it is not in "possession of additional 3500 material for Todd Howe" (May 24, 2018 Response at 1) having produced interview notes with Mr. Howe through February 4, 2018 and his trial testimony from February

---

[1] Several of these shortcomings are not addressed in this letter but are fully described in the May 10 Letter. Dr. Kaloyeros intends to continue to confer with the Government on these points and will supplement this request to the Court if necessary.

Hon. Valerie E. Caproni
June 5, 2018
Page 2



5, 2018.  There appears to have been radio silence since then.  The Government further asserts that it is not calling Mr. Howe at trial.  *Id.*  But this fact should not absolve the Government of its constitutional obligations.  Indeed, there can be no dispute that Mr. Howe was a focal point of the Government's charges and his credibility will be an important point at trial.  Dr. Kaloyeros and his co-defendants intend to offer evidence, including evidence admissible pursuant to Federal Rule of Evidence 806, to undermine Mr. Howe's credibility.  Accordingly, as set forth in the May 10 Letter, the Government should be ordered to confirm that it has not had any contact with Mr. Howe or his counsel since February 4, 2018 and, if it has, explain why no 3500 material was prepared in connection with the communication.

In addition given recent events surrounding Mr. Howe, the Government may also be in possession of, among other things:

- Monitored phone calls, email, or other correspondence from the facility where Mr. Howe is presently remanded;

- Documents and information from the facility where Mr. Howe is presently remanded regarding any statements or actions by Mr. Howe;

- Documents and information concerning the ramifications (or lack thereof) of Mr. Howe's violation of his bail conditions;

- Documents and information concerning the Government's request to remand Mr. Howe and his consequent remand prior to sentencing;

- Documents and information concerning any and all cooperation agreements with Mr. Howe;

- Documents and information concerning any additional charges that may or may not be brought against Mr. Howe;

- Documents and information concerning the investigation of any additional charges against Mr. Howe; and

- Documents and information concerning any instances where Mr. Howe misled or failed to disclose requested information to the Government.

May 10, 2018 Letter at 2.  The Government should be ordered to produce documents falling into any of the above categories pursuant to its discovery obligations.

*Second,* the Government should be ordered to search for and produce all materials in the possession, custody, or control of Todd Howe or Kevin Schuler for any documents subject to disclosure under *Brady, Giglio,* Jencks, and Rule 16.  In the May 10 Letter, Dr. Kaloyeros



explained that as a condition of his cooperation, Mr. Howe[2] must provide "any document, record, or tangible evidence" that is asked of him. As such, Mr. Howe's documents, records, or other tangible evidence are in the "control" of the Government and should be reviewed and produced pursuant to its discovery obligations. *See United States v. Stein*, 488 F. Supp. 2d 350, 360 (S.D.N.Y. 2007) (documents within cooperating corporation's custody held to be within government's control and producible under Rule 16 because the deferred prosecution agreement gave the government "the unqualified right to demand [and receive] from [the cooperator] the production of any documents within [the cooperator's control] except to the extent that such documents [are subject to unwaived privilege]."). In the May 24 Response, the Government acknowledged only that it had produced all 3500 and *Giglio* in its custody or control for Mr. Howe. The Government should be ordered to search for and produce any documents or information in Mr. Howe's possession that would be subject to disclosure under *Brady* and Rule 16.

*Third,* the Government should be ordered to search for and produce materials that fall into several categories that are indisputably "favorable" to Dr. Kaloyeros' defense and/or otherwise necessary for adequate trial preparation. *See United States v. Rodriguez*, 496 F.3d 221, 225 (2d Cir. 2007) (quoting *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)); *Leka v. Portuondo*, 257 F.3d 89, 102 (2d Cir. 2001) (citing *United States v. Polisi*, 416 F.2d 573, 578 (2d Cir. 1969) (noting that Brady established "the defendant's constitutional right to evidence necessary to the preparation of his defense"); *see also* Model Rules of Prof'l Conduct 3.8(d) (requiring "timely disclosure to the defense of all evidence or information . . . that tends to negate the guilt of the accused or mitigate[] the offense"). The May 10 Letter set forth a non-exhaustive list of potential categories of *Brady* material. May 10, 2018 Letter at 3-4. In the May 24 Response, the Government merely acknowledged that it had "complied with its obligations." Such a response is insufficient. *See United States v. Agurs*, 427 U.S. 97, 106 (1976); *see also United States v. Naegele*, 468 F. Supp. 2d 150, 152 & n.2 (D.D.C. 2007) (mere assertions that the government "understands" its Brady obligations and "will comply" or "has complied" with them are insufficient).

Each category set forth in the May 10 Letter is *crucial* to Dr. Kaloyeros' defense and information falling in those categories should be produced. While these categories are fully described in the May 10 Letter, three examples are set forth below:

- Dr. Kaloyeros requests that the Government produce materials that tends to establish "[t]hat the qualifications that allegedly favored the Buffalo and Syracuse developers did not favor any specific developers." May 10, 2018 Letter at 3. Such information would squarely tend to disprove allegations contained in the Indictment. *See* Trial Indictment (ECF No. 682) ¶ 17 (alleging that defendants "secretly tailor[ed]" the RFPs at issue)

---

[2] The same logic applies to Mr. Schuler. On June 1, 2018, counsel for Dr. Kaloyeros emailed the Government and requested that they similarly search and produce documents in the possession, custody, or control of Mr. Schuler. In the same email, counsel for Dr. Kaloyeros requested that the Government clarify its position on several of the arguments addressed in this letter but has not yet received a response.

Hon. Valerie E. Caproni
June 5, 2018
Page 4



- Dr. Kaloyeros requests that the Government produce materials that tend to establish that the allegedly tailored qualifications were not material to FSMC or its board.  May 10, 2018 Letter at 3.  Such information would similarly disprove the Government's charges.  *See* Trial Indictment (ECF No. 682) ¶ 18 (Kaloyeros "concealed material information regarding the drafting . . . process related to the RFPs").

- Dr. Kaloyeros requests documents or information that reflect FSMC's actual or potential economic loss that is material to either guilt or punishment.  May 10, 2018 Letter at 4.  The Government has asserted that economic harm is not an element of the crime and is thus not subject to *Brady*.  May 15, 2017 Letter at 3.  Even if the Government were correct (which it is not), it is likely that the Government would seek to impute such a loss or intended loss to Dr. Kaloyeros should he face sentencing.

*Fourth,* the Government should be ordered to search the files of the FBI, the Internal Revenue Service ("IRS"), and the New York Attorney General's Office ("NYAG") for materials subject to disclosure under *Brady*.  With respect to materials from the NYAG, the Government asserts that it does not need to do so because it did not engage in a "joint investigation with the NYAG."  May 24, 2018 Response at 2.  But the facts appear to suggest otherwise.  As set forth in the May 10 Letter, there is no dispute that the NYAG was sharing documents with the Government – including, most notably, providing the Government with a forensic image of one of Dr. Kaloyeros' cell phones pursuant to a NYAG-requested search warrant.  May 10, 2018 Letter at 4-5.  In addition, the Government's production of 3500 material confirms that members of the FBI and IRS were present at certain Government interviews.  *Id.* at 5.  The NYAG and Government appear to have interviewed at least one witness jointly and the Government is in possession of NYAG interview notes for at least one other witness (which it has produced).  Finally, the Government's announcement of the Indictment makes explicit that the FBI, IRS, and NYAG were partners in the investigation, and the FBI and IRS were quoted in the Government's press release.  *Id.*[3]

---

[3] Press Release, Dep't of Justice, Nine Defendants, Including Joseph Percoco, Former Executive Deputy Secretary to the Governor, and Alain Kaloyeros, President of SUNY Polytechnic Institute, Charged with Federal Corruption and Fraud Offenses (Sept. 22, 2016), https://www.justice.gov/usao-sdny/pr/nine-defendants-including-joseph-percoco-former-executive-deputy-secretary-governor-and.

Hon. Valerie E. Caproni
June 5, 2018
Page 5



On the eve of trial, it is imperative that the Government fully comply with its obligations to ensure that Dr. Kaloyeros can prepare his defense. We respectfully request that the Government be held to these obligations as set forth above.

Respectfully submitted,

Michael C. Miller
*Counsel for Defendant Alain Kaloyeros*