USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/14/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

UNITED STATES OF AMERICA,                    :
                                             :                    16-CR-776 (VEC)
            -against-                        :
                                             :                    ORDER
                                             :
JOSEPH PERCOCO,                              :
      a/k/a "Herb,"                          :
ALAIN KALOYEROS,                             :
      a/k/a "Dr. K,"                         :
PETER GALBRAITH KELLY, JR.,                  :
      a/k/a "Braith,"                        :
STEVEN AIELLO,                               :
JOSEPH GERARDI,                              :
LOUIS CIMINELLI, and                         :
KEVIN SCHULER,                               :
                                             :
                          Defendants.        :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On May 17, 2018, counsel for defendant Alain Kaloyeros served a subpoena *duces tecum*

on the Metropolitan Correction Center in downtown Manhattan (the "Subpoena," and the

"MCC," respectively).  The Subpoena seeks documents and correspondence regarding visits,

statements, monitored telephone conversations, emails, and other communications of Todd R.

Howe, a cooperating witness who is detained at the MCC.  *See* Dkt. 711 Ex. 1 at 3-4.  The

Subpoena demands the production of "all" such records in the MCC's possession.  Dkt. 711 Ex.

1 at 2.  The Government, on its own behalf and on behalf of the MCC, has moved to quash.  The

Government contends that the subpoena is an overbroad fishing expedition that should be

quashed pursuant to *United States v. Nixon*, 418 U.S. 683, 600 (1974) (pre-trial subpoenas for

records must seek materials that are relevant, admissible, and specifically identified).  The Court

agrees with the Government—although it reaches that conclusion using a slightly different analysis.  The subpoena is QUASHED.

Rule 17(c)(1) authorizes service of subpoenas for "any books, papers, documents, data, or other objects" to be produced in court "before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1).  Rule 17(c) is not intended to be a tool for discovery, which is governed generally by Rule 16.  Instead, Rule 17(c) "should be used only as 'a mechanism for obtaining specific admissible evidence.'"  *United States v. Skelos*, No. 15-CR-317 (KMW), 2018 WL 2254538, at *2 (S.D.N.Y. 2018) (quoting *United States v. Barnes*, No. 04-CR-186 (SCR), 2008 WL 9359654, at *4 (S.D.N.Y. April 2, 2008)).  Rule 17(c)(2) authorizes the Court to quash subpoenas "if compliance would be unreasonable or oppressive."  Fed. R. Crim. P. 17(c)(2). Upon a motion to quash, the proponent of a subpoena "'must make a preponderance showing that the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence.'"  *United States v. Pena*, No. 15-CR-551 (AJN), 2016 WL 8735699, at *2 (S.D.N.Y. Feb. 12, 2016) (quoting *Unites States v. Barnes*, 560 F. App'x 36, 39-40 (2d Cir. 2014)).

Mr. Kaloyeros contends that this three-part standard—relevance, admissibility, and specificity—does not apply to the Subpoena because he does not seek production of documents in advance of trial, as the Government's motion presumes.[1]  In addition to authorizing the use of

---

[1]    The Government's motion also proceeds from the mistaken assumption that material relevant to impeach Mr. Howe is inadmissible at trial because Mr. Howe is unlikely to testify.  *See* Dkt. 711 at 1 ("As the defendants know, the Government will not be calling Todd Howe . . .. Therefore, none of the materials sought by the Subpoena is relevant or admissible.").  To be clear, hearsay declarants like Mr. Howe may be impeached under Rule 806 of the Federal Rules of Evidence.  And as the Court has stated on the record (and as the prosecutors have confirmed they understand), the Government has an obligation to turn over *Giglio* material regarding hearsay declarants whose out of court statements will be admitted at trial, regardless of whether the hearsay declarant testifies.  *See United States v. Jackson*, 345 F.3d 59, 70 (2d Cir. 2003) ("Although we have never expressly stated that the government must disclose exculpatory and impeachment materials pertaining to nontestifying witnesses, that conclusion flows ineluctably from our prior cases.").

so called "pre-trial subpoenas" to obtain admissible evidence, Rule 17(c) also authorizes service

of subpoenas that are returnable at trial ("trial subpoenas") to obtain impeachment material. *See*

*Skelos*, 2018 WL 2254538, at \*2; *United States v. Seabrook*, No. 16-CR-467 (ALC), 2017 WL

4838311, at \*2 (S.D.N.Y. Oct. 23, 2017); *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d

Cir. 1980).  Unlike subpoenas that are returnable prior to trial, however, subpoenas for

impeachment material are only returnable "if and when[ ] the witness who has made the

statement takes the stand and testifies.  The defendant only then is entitled to inspect [these]

statements . . . ."  *United States v. James*, No. 02-CV-0778 (SJ)(CLP), 2007 WL 914242, at \*29

(E.D.N.Y. Mar. 21, 2007) (quoting *United States v. Palermo*, 21 F.R.D. 11, 13 (S.D.N.Y. 1957)).

This is a common sense rule.  Unless the witness about whom impeachment material is sought

actually testifies (or his statements are admitted under circumstances making him subject to

impeachment pursuant to Rule 806), the evidence is not admissible.

   The Court is not persuaded that trial subpoenas for impeachment material are subject to

less demanding scrutiny or a lower standard than pre-trial subpoenas for other evidence.

Although the *Nixon* case addressed a pre-trial subpoena, the same standard has been applied to

trial subpoenas for documents.  *See Seabrook*, 2017 WL 4838311, at \*2 (applying *Nixon* to a

trial subpoena for impeachment material); *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-175

(TEH), 2016 WL 3365754, at \*3 (N.D. Cal. June 17, 2016) ("the same standard applies" to Rule

17(c) trial subpoenas as Rule 17(c) pre-trial subpoenas) (citing *United States v. Pac. Gas & Elec.*

*Co.*, No. 14-CR-175 (TEH), 2016 WL 3350326, at \*2 n.5 (N.D. Cal. June 16, 2016) (citing

*United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981))); *United States v. Peavler*, No. 15-

CR-14-GFVT-REW, 2017 WL 1018304, at \*2 (E.D. Ky. Mar. 10, 2017) ("The same general

standard applies to subpoenaed production of documents at the time of trial.").

It is telling that Mr. Kaloyeros has not identified any alternative to the *Nixon* standard

that he argues should apply to a motion to quash a Rule 17(c) trial subpoena.  Rule 17(c)(2) itself

does not distinguish between trial and pre-trial subpoenas.  Rather, it authorizes the Court to

quash subpoenas that are "unreasonable and oppressive" without regard to return date.

Moreover, the Supreme Court's discussion of impeachment material in *Nixon* does not support

Mr. Kaloyeros's argument.  In *Nixon*, the Court explained that impeachment material is

ordinarily an inadequate target for a pre-trial subpoena because impeachment material is not

necessary to effective preparation before trial.  *See Nixon*, 418 U.S. at 701; *see also United States

v. Iozia*, 13 F.R.D. 335, 340 (S.D.N.Y. 1952) ("Should any of the persons testify upon the trial,

the documents will be available for inspection by the Court in camera to determine whether they

contain matter helpful to the defense.").  Trial subpoenas do not present the same issue because

they are returnable at the time the witness testifies, but nothing in *Nixon* suggests that Rule

17(c)(2) should be read as *carte blanche* to serve a subpoena that does not seek specific,

admissible evidence.

Applying the familiar *Nixon* framework, it is clear that the Subpoena must be quashed.

As Judge Nathan explained in *Pena*, Courts in this district routinely quash subpoenas for "all"

records of detained cooperators.  *See Pena*, 2016 WL 8735699, at *3 ("[C]ourts in this Circuit

routinely reject pre[-]trial subpoenas seeking all recordings, documents, and/or records from

imprisoned cooperators for want of specificity."); *see also id.* (collecting cases); *United States v.

Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) ("Subpoenas seeking 'any and

all' materials, without mention of 'specific admissible evidence,' justify the inference that the

defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*.").  The requests in

the Subpoena are similarly generalized.  Mr. Kaloyeros demands "all" records regarding visitors

received by Mr. Howe, and his communications and statements while detained at the MCC.  Dkt.

711 Ex. 3-4.  Mr. Howe's lunch order would be responsive to the Subpoena—assuming there is

such a thing and assuming it were recorded by the MCC.  To the extent Mr. Kaloyeros intends to

use these materials to impeach Mr. Howe, the requests are untethered from the subjects about

which the Court anticipates Mr. Howe's admissible out of court statements will relate.  Nor is the

Subpoena limited to communications and visits with individuals who have a conceivable

connection to the facts of this case.  By contrast, even the cases cited by Mr. Kaloyeros for

support involved subpoenas that were far more tailored than this one.  *See, e.g.*, *United States v.*

*Rajaratnam*, 753 F. Supp. 2d 317, 322 (S.D.N.Y. 2011) (refusing to quash a subpoena for,

among other things, communications between named individuals); *James*, 2007 WL 914242, at

*29 (request for visitor logs and disciplinary and mental health records);; *United States v.*

*Nachamie*, 91 F. Supp. 2d 552, 563-64 (S.D.N.Y. 2000) (subpoena for communications between

identified individuals and subjects closely tied to the case).[2]

Accordingly, it is HEREBY ORDERED that the Government's motion to quash is

GRANTED.  The Clerk of Court is respectfully requested to close the open motion at docket

entry 711.

**SO ORDERED.**

**Dated: June 14, 2018**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

---

[2]     *United States v. Tucker*, 249 F.R.D 58 (S.D.N.Y. 2008) is a possible exception.  The *Tucker* court did not apply the *Nixon* standard and *Tucker*'s reasoning has been repudiated by most courts in this district.  *See Barnes*, 2008 WL 9359654, at *3 ("Though the *Tucker* Court found this relaxed standard appropriate, it is not the prevailing law. Indeed, all district courts within the Second Circuit, aside from the *Tucker* court, have applied the *Nixon* analysis to third-party subpoenas issued by the defense.").