# BRACEWELL

July 3, 2018

**VIA ECF**

Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    United States v. Ciminelli, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

At yesterday's charging conference, the Court declined to instruct the jury that, to prove venue, "if the defendant did not transmit the wire, its transmission to, from, or through the Southern District of New York must have been reasonably foreseeable to him." See Defense Proposed Instruction. The Court cited United States v. Lange, 834 F.3d 58 (2d Cir. 2016), for the proposition that a defendant need only foresee "interstate calls or e-mails going into or out of the Southern District of New York"; he need not have foreseen the particular wire on which venue is based. Tr. 2155; see also Tr. 2388.[1]

---

[1]    See also Tr. 2387 ("[e]ven in mail fraud, it doesn't have to be, the specific mailing does not have to be reasonably foreseeable. It has to be reasonably foreseeable that there would be mailings. And it has to be reasonably foreseeable that the scheme would touch the district."); id. 2388 ("I will encapsulate [the foreseeability] concept, but not that the specific wire had to be reasonably foreseeable. That it has to be reasonably foreseeable that there would be wires. That's what [Lange] says.").

**Paul Shechtman**
Partner

T: +1.212.508.6107    F: +1.800.404.3970
1251 Avenue of the Americas, 49th Floor, New York, New York 10020-1100
paul.shechtman@bracewell.com    bracewell.com

AUSTIN  CONNECTICUT  DALLAS  DUBAI  HOUSTON  LONDON  NEW YORK  SAN ANTONIO  SEATTLE  WASHINGTON, DC
036176.00260 Litigation 14816089v1

# BRACEWELL

July 3, 2018
Page 2

We read <u>Lange</u> differently.  The venue statute in <u>Lange</u> "provide[d] for venue for criminal securities fraud 'in the district wherein any act or transaction constituting the violation occurred.'"  834 F.3d at 69.  The conduct "constituting the violation" was calling and emailing deceptive solicitations to potential investors.  <u>Id.</u> at 71-72.  The Second Circuit described the foreseeability standard as follows:

> The Government does not contend that either defendant intentionally committed acts constituting the violation within the EDNY.  Accordingly, to support a finding of venue in the EDNY, the evidence must have been sufficient to establish that: (1) acts occurred in the district of venue, including acts committed by others, that constitute the violation . . . and (2) <u>these acts</u> (a) were foreseeable to the defendants . . . or (b) the defendants aided and abetted in the securities fraud scheme and are therefore liable for those underlying crimes committed by a principal within the district.

<u>Id.</u> at 71 (emphasis added).  After considering the evidence presented, the Second Circuit held that "a reasonable juror could have found by a preponderance of the evidence that the acts occurring within the EDNY were foreseeable to defendants."  <u>Id.</u> at 72; <u>see also</u> <u>id.</u> at 73 ("[a] reasonable jury could conclude that it was foreseeable to Kristofor that calls would be made to investors in the EDNY to solicit investment"); <u>id.</u> ("it was clearly foreseeable to Russell that cold calls would be made to investors within the EDNY and that promotional materials, such as the newsletter, would be emailed into the district").

<u>Lange</u> does not support venue here.  A hypothetical, which comes close to this case, may be helpful.  Assume that ESD is in Manhattan, that the Governor's office is here, and that Mr. Ciminelli has an apartment here, but that no interstate wire transmissions are made to or from any of those locations.  The only wire transmission in furtherance of the scheme is an email sent

# BRACEWELL

July 3, 2018
Page 3

from Albany to an FSMC board member, who lives in Albany but happens to be in Manhattan for his daughter's NYU graduation when he receives it. (The email is transmitted via out-of-state servers.)

On these facts, interstate wire transmissions to Manhattan may be foreseeable, but the only email on which venue could be predicated is not foreseeable. The fact that it touches Manhattan is pure happenstance. As the Court sees it, that chance email is sufficient for venue, but that cannot be the law. Cf. United States v. Rommy, 506 F.3d 108, 124 (2d Cir. 2007) (a "'chance use of a telephone'" in the Southern District of New York does not support venue).

The point is this: the fraudsters in Lange could reasonably have foreseen calls to investors in the Eastern District of New York, even if they did not know the precise investors who would be called. In our hypothetical, Mr. Ciminelli could not reasonably have foreseen an email to a board member in Manhattan, since any board member's presence here would be serendipitous. Put simply, the question is whether the wire transmission on which venue is predicated comes within the scope of the wires that the defendant could reasonably have foreseen. Not charging the jury on that point, we submit, gets it wrong.

In sum, Lange does not support the notion that a defendant need only foresee "that there would be wires" touching the Southern District of New York, Tr. 2388. Like other foreseeability cases decided in this Circuit, Lange holds that the acts establishing venue—"these acts"—must

# BRACEWELL

July 3, 2018
Page 4

be reasonably foreseeable to the defendant.² Accordingly, we renew our request for the venue instruction that we proposed.

>                                 Respectfully submitted,
>
>                                 /s/ Paul Shechtman
>
>                                 Paul Shechtman
>                                 Partner
>
>                                 Spencer Durland
>                                 Hodgson Russ LLP

PS/SD:wr

---

²     See, e.g., United States v. Bezmalinovic, 962 F. Supp. 435, 438 (S.D.N.Y. 1997)(although the internal bank transmissions that allegedly supported venue were "necessary in a 'but-for' sense to the ultimate success of defendant's scheme," the defendant "did not intend those acts to take place in the Southern District, nor could he have foreseen that the acts would occur there"); United States v. Svoboda, 347 F.3d 471, 483 (2d Cir. 2003)("unlike Bezmalinovic, there is evidence suggesting that [the defendant] either knew, or could reasonably foresee, that his trades would be executed in the Southern District of New York"); United States v. Shepard, 500 F. App'x 20, 22-23 (2d Cir. 2012)(describing the offense conduct occurring in the Southern District of New York, and holding that venue was proper because "[these] acts' occurrence in the Southern District was reasonably foreseeable to [the defendant]").