# Walden Macht & Haran LLP



One Battery Park Plaza, 34th Floor
New York, NY 10004
212 335 2030

July 6, 2018

**Via CM-ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *United States v. Alain Kaloyeros, et al.,* No. S2 16 Cr. 776 (VEC) (S.D.N.Y.)

Dear Judge Caproni:

  We represent Joseph Gerardi in the above-referenced matter. We write to request that the Court preclude the government from arguing in summation that Mr. Gerardi's alleged false statements to federal officers consisted of anything beyond the denial that he helped tailor the Syracuse RFP to benefit COR.

  Count Four of the Trial Indictment alleges that Mr. Gerardi falsely "den[ied] involvement in tailoring the Syracuse RFP for the benefit of [COR]." Similarly, your Honor's proposed jury instructions regarding Count Four (to which the government raised no objections) provide that the government must prove "that on or about June 21, 2016, Mr. Gerardi made a statement to a representative of the United States Government in which he denied his involvement in a scheme to tailor the Syracuse RFP for COR's benefit." In addition, your Honor has already advised the jury that "Mr. Gerardi is charged with falsely denying his involvement in the scheme to defraud Fort Schuyler." Tr. 30:5-7. Thus, the *only* permissible basis for the government's false statement allegation is Mr. Gerardi's denial that he helped tailor the RFP to benefit COR.

  During the direct examination of Special Agent Kathleen Garver, the government focused on additional statements made by Mr. Gerardi during his June 21, 2016 proffer session. For example, the government elicited testimony that Mr. Gerardi stated that: (1) he sent Todd Howe COR's qualifications because Mr. Howe requested this information, and he "presumed that Mr. Howe was going to send [the qualifications] to Nano" (Tr. 1689:12-20); (2) "he was [] helping write the RFP as an attorney and as a friend of Mr. Howe's, not in his capacity as an employee of COR Development Company" (Tr. 1692:7-9); (3) "he was trying to make the RFP as broad as possible so that companies would be able to respond to the RFP" (Tr. 1692:9-11); (4) "too telegraphed" meant "that the verbiage used was too limited" (Tr. 1694:22-23); (5) he was concerned that requiring audited financial statements "would preclude other companies from being able to apply for the RFP" (Tr. 1696:23-25); (6) "he was not sure why Mr. Howe sent him" an

1

email on September 16, 2013 (Government Exhibit 646) explaining that the financial institution reference letter provision was added to the RFP (Tr. 1697:24-25); and (7) "he was not sure why a financial institution reference letter was added to the RFP" (Tr. 1698:1-2).

If the government is permitted to rely on these additional statements in its summation, it would impermissibly "broaden[] the basis of conviction beyond that charged in the indictment."[1] *United States v. Roshko*, 969 F.2d 1, 5 (2d Cir. 1992) (quotations omitted). Indeed, this would amount to a constructive amendment. *See Stirone v. United States*, 361 U.S. 212, 218 (1960) ("[W]hen only one particular kind of commerce is charged to have been burdened a conviction must rest on that charge and not another, even though it be assumed that under an indictment drawn in general terms a conviction might rest upon a showing that commerce of one kind or another had been burdened."); *United States v. Hoover*, 467 F.3d 496, 502 (5th Cir. 2006) ("[W]hen the government chooses to specifically charge the manner in which the defendant's statement is false, the government should be required to prove that it is untruthful for that reason. To allow otherwise would permit the jury to convict the defendant on a basis broader than that charged in the grand jury's indictment." (citation omitted)); *United States v. Crocker*, 568 F.2d 1049, 1060 (3d Cir. 1977) ("[W]hen a grand jury has specifically charged the manner in which testimony is untruthful, permitting the government to prove that it is untruthful in an entirely different manner amounts to a constructive amendment of the indictment rather than a mere variance."), *abrogated on other grounds by United States v. Gaudin*, 515 U.S. 506 (1995); *cf. United States v. Banki*, 685 F.3d 99, 119 (2d Cir. 2012) (no constructive amendment because "the proof at trial and brief reference in the government's rebuttal summation related to the same statements in the same letters as described in the Indictment").

Accordingly, we respectfully request that the Court prohibit the government from relying in its summation on any statements made by Mr. Gerardi other than his denial that he tailored the RFP. If, however, the Court allows the jury to consider other statements, we request that the jury be instructed that, in order to convict on Count Four, it must be unanimous as to the precise statement found to be false. *See United States v. Crisci*, 273 F.3d 235, 239 (2d Cir. 2001) (unanimity instruction given regarding false statement).

Thank you for your attention to this matter.

Very truly yours,

WALDEN MACHT AND HARAN

By:   */s/ Milton L. Williams*

---

[1] Such broadening would be especially inappropriate in this case given the extensive efforts made by Mr. Gerardi to determine exactly which statements the government alleged to be false. *See, e.g.*, ECF No. 237 at 10, 24-27 (motion for bill of particulars with demand for specificity as to the alleged false statements); ECF No. 283 at 3-6 (reply memorandum of law in support of motion for bill of particulars). After preparing his false-statement defense around the denial that he tailored the RFP, Mr. Gerardi would be seriously prejudiced by a last-minute introduction of other possible false statements.


                                          Milton L. Williams
                                          Avni P. Patel
                                          Jacob Gardener

cc:    all parties, via ECF