# EXHIBIT 51

iau2tanS kjc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

          v.                             17 Cr. 61(LAP)

GARY TANNER

ANDREW DAVENPORT,

               Defendants.

------------------------------x          Sentence


                                         October 30, 2018
                                         10:05 a.m.

Before:

                HON. LORETTA A. PRESKA,

                                         District Judge




                          APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  RICHARD A. COOPER
     AMANDA K. KRAMER
     Assistant United States Attorneys


WILMER CUTLER PICKERING HALE & DORR, LLP
     Attorneys for Defendant Tanner
BY:  BRENDAN R. McGUIRE
     HOWARD M. SHAPIRO
     MATTHEW R. GALEOTTI
     CLAIRE GUEHENNO
```

```
                              APPEARANCES
                              (continued)


KOSTELANETZ & FINK, LLP
     Attorney for Defendant Davenport
BY:  SHARON L. McCARTHY

              - and -

POLSINELLI PC
     Attorneys for Defendant Davenport
BY:  MARY CLARE BONACCORSI



ALSO PRESENT:

SHAPIRO ARATO, LLP
     Appellate Counsel for Defendant Davenport
BY:  ALEXANDRA  A. E. SHAPIRO


COVINGTON & BURLING LLP
     Attorneys for Valeant
BY:  NANCY L. KESTENBAUM


SPECIAL AGENT MICHAEL PREIS, F.B.I.
```

1              (Case called)
2              THE COURT:  United States v. Gary Tanner and Andrew
3     Davenport.
4              Is the government ready?
5              MR. COOPER:  Yes.  Good morning, your Honor.  Richard
6     Cooper and Amanda Kramer for the government.  With us at
7     counsel table, F.B.I. Special Agent Michael Preis.
8              THE COURT:  Good morning.
9              MS. KRAMER:  Good morning, your Honor.
10             THE COURT:  Counsel for defendant Tanner.
11             MR. McGUIRE:  Good morning, your Honor.  Brendan
12    McGuire, Howard Shapiro, Matthew Galeotti, and Claire Guehenno
13    on behalf of Mr. Tanner.  Mr. Tanner is here with us, as well.
14             THE COURT:  Yes, sir.  Good morning.
15             Counsel for Mr. Davenport.
16             MS. McCARTHY:  Good morning, your Honor.  Sharon
17    McCarthy.  I am here with Mary Clare Bonaccorsi and also
18    Mr. Davenport.
19             THE COURT:  Yes, ma'am.  Thank you.
20             Mr. McGuire, have you and your client had adequate
21    time to review the presentence report?
22             MR. McGUIRE:  We have, your Honor.
23             THE COURT:  Is there any reason it should not be made
24    a part of the record?
25             MR. McGUIRE:  No, your Honor.

1    THE COURT:  Are there any objections to the report?

2    MR. McGUIRE:  None other than were previously included
3    in our prior written submissions to the court, your Honor.

4    THE COURT:  Do you folks want to discuss loss amount
5    at this point?  Obviously you have all put in materials on it,
6    and I think the question is whether or not, under 2B4.1, we are
7    taken back to the 2B1.1 guidelines and thus the 20 points.
8    That's the question.

9    Ms. McCarthy.

10   MS. McCARTHY:  Your Honor, we certainly put in our
11   submissions that we don't believe that there is a loss here;
12   that we have proven in fact that Valeant earned quite a lot of
13   money off of the work that Philidor did; that in fact the
14   purchase price for Philidor was below its purchase price value
15   and was bought at a bargain by Valeant.

16   So we are not contesting that there was a verdict here
17   against our clients --

18   THE COURT:  But here is the question.  I am focusing
19   on the bribery, commercial bribery guideline, which
20   specifically talks about the value of the bribe --

21   MS. McCARTHY:  Yes, we understand.

22   THE COURT:  -- and doesn't that take us to the 9.7,
23   which then takes us to the 2B1.1 guideline, which gives us the
24   20 points?

25   MS. McCARTHY:  That is correct, your Honor.

1  is that essentially this was a victimless crime.  But that is
2  not true.
3          Valeant was harmed by the defendants' conduct.
4  Valeant was harmed financially, which is why the company is
5  seeking restitution, but not just financially.  The defendants'
6  betrayed Valeant's trust, which means that the defendants
7  betrayed the trust of the company, the trust of its management,
8  of its shareholders and, perhaps most importantly, betrayed the
9  trust of the company's other employees, employees who also work
10 hard for the company but who don't steal from it just because
11 they think they deserve it.
12         As Mr. Cooper just said, in this way, this case is
13 just like every other honest services case, and we ask that the
14 court take this into account in fashioning an appropriate
15 sentences here.
16         Thank you.
17         THE COURT:  Yes, ma'am.  Thank you.
18         Are there any other victims who wish to be heard?
19         Does anyone wish to add anything?
20         Thank you, counsel.  Thank you, counsel, particularly
21 for your excellent submissions and for your oral presentations
22 today.
23         Counsel, some things I am going to say will apply to
24 both defendants and I think it will be clear which do and which
25 are specific to one defendant.

1            In general, with respect to the nature and
2    circumstances of the offense, certainly you have heard that I
3    have calculated the guidelines and take them into account.
4    Here, however, I agree with Judge Sullivan, where he said in
5    *United States v. Newman*, No. 12 Cr. 121 (RJS) (S.D.N.Y. May 2,
6    2013), "There is a lot of talk about the sentencing guidelines
7    these days, particularly in fraud cases, a lot of suggestion
8    that the guidelines are overly mechanical, and that they are
9    out of whack in many cases, and I think that's probably true.
10   I think in many cases, if left to themselves, if that were the
11   only thing, then the guidelines can lead to sometimes absurd
12   and certainly unjust results."
13           They certainly would have in *United States v. Joseph
14   Collins*, 07 Cr. 1170, where the proposed guidelines sentence
15   was four levels below life.  The guidelines are an especially
16   imperfect proxy in a case of private sector honest services
17   fraud like this one.  The crime here, as counsel have
18   discussed, is the employee's deprivation from his employer of
19   its intangible right to the employee's honest services.  That
20   crime is untethered to any financial loss or harm to the
21   employer.  The amount of money that changes hands is not
22   necessarily an accurate measure of the deprivation of the
23   intangible right to honest services.
24           While financial loss played no role at trial in the
25   determination of culpability, under the sentencing guidelines,

1 it becomes the single most important consideration in
2 sentencing. Such approach is patently unfair. As we know,
3 both the probation department and the government have
4 recognized that, and I note that the probation department, as
5 to each defendant, has noted that, without minimizing the
6 seriousness of the offense, given the defendants' familial ties
7 and responsibility and their compliance with the bail
8 conditions, probation believes that a seriously
9 below-guidelines sentence is appropriate. I agree.

10 ████████████████████████████████████
11 ████████████████████████████████████████
12 ██████████████████████████████████████
13 ████████████████████████████████████████
14 ████████    ██████████████████████████
15 ████████████████████████████████████
16 ██████████████████████████████████████
17 ██████████████████████████████████████
18 ████████    ██████████████████████████████
19 ████████████████████████████████████████
20 ████████████    ████████████████████████████
21 ██████████████████████
22 ██████████████████████████████████
23 ██████████████████████████████████████
24 ████████████████████████████████████████
25 ██████████████████████████████    ██████████

iau2tanS kjc

1 ████████████████████████████████████

2       ███████████████████████████████████████

3 ██████████████████████████████████████

4 ████████████████████████████████████████████

5 ████████████████   ████████████████████████████

6 ████████████████████████████████████████████

7 ██████████████████████████████████████

         So in considering the history and characteristics of
these defendants, I take into account all of these facts.

         With respect to the paragraph 2 factors, there is a
need for a serious sentence here to reflect the seriousness of
the offense and to provide respect for the law.  As we have
heard at length from the government, there is a need here to
protect companies' right to the honest services of their
employees.

         With respect to paragraph B, I am convinced that there
is no need for extensive incarceration to deter either of these
individuals.

         With respect to general deterrence, I agree with
Judge Rakoff, who says there is "considerable evidence that
even relatively short sentences can have a strong deterrent
effect on prospective 'white-collar' offenders." *United States
v. Adelson*, 441 F.Supp.2d 506, 514 (S.D.N.Y. 2006) (citing
Richard Frase, *Punishment Purposes*, 58 Stan. L. Rev. 67, 80
(2005) and Elizabeth Szockyj, *Imprisoning White Collar*

1   *Criminals?*, 23 S. Ill. U. L. J. 485, 492 (1998)); *see also*
2   *United States v. Tomko,* 562 F.3d 558, 573 (3d Cir. 2009)
3   (rejecting government's argument that district court's
4   probation-only sentence in complex securities fraud case would
5   harm general deterrence).
6            In this instance, as we have heard at great length,
7   particularly from the individuals speaking on behalf of these
8   defendants, even a relatively short sentence has a very
9   devastating effect on defendants and certainly has a strong
10  deterrent effect in general.
11           In considering the paragraph D factors, I have taken
12  into account Mr. Davenport's medical situation, which is indeed
13  a difficult situation which requires monitoring.
14           I have in mind the paragraph 3, 4, and 5 factors.
15           With respect to paragraph 6, the need to avoid
16  unwarranted sentencing disparities, of course I am aware that
17  it is my job to take into account nationwide sentences,
18  nationwide cases, not just these cases; however, as I noted
19  with respect to the fraud guidelines, they are truly out of
20  whack at the higher ends, and that is where we find ourselves
21  today.  So to the extent that there is any perceived disparity,
22  it is because of the unworkability of the fraud guidelines at
23  the far end.
24           With respect to paragraph 7, the need to provide
25  restitution, I note that both defendants of course are looking

iau2tanS kjc

1   at enormous financial penalties, and thus a very lengthy
2   sentence will deter from their ability to make restitution and
3   thus that argues against requiring a lengthy prison term.
4          Mr. Tanner, counsel, taking all of those factors into
5   account, it is my intention to impose a sentence of a year and
6   a day on Mr. Tanner, followed by a period of two years of
7   supervised release on each count to run concurrently.
8          It is not my intention to impose a fine, in light of
9   the other financial penalties that Mr. Tanner is facing.
10         It is my intention to impose the restitution amount
11  set out in the proposed order of restitution, which is
12  $9,703,995.33.
13         Forfeiture, as we have discussed, will be determined
14  later.
15         MR. COOPER:  Your Honor, I'm sorry to interrupt.
16         THE COURT:  Forgive me.  You are right.  Forfeiture is
17  in the amount I noted.  Restitution is to be determined later.
18         It is my intention to impose the special assessment of
19  $400.
20         It is my intention to provide the payment schedule
21  that is set forth at pages 31 to 32, which talks about period
22  of incarceration and monthly installments at 20 percent of
23  Mr. Tanner's gross monthly income.
24         It is my intention to impose the recommended special
25  conditions of access to financial information and no lines of